**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7000**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOHN PAUL SMITH,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:02-cr-00064-GMG-7)

Submitted:  April 10, 2017                    Decided:  April 21, 2017

Before GREGORY, Chief Judge, and KING and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John Paul Smith, Appellant Pro Se.  Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia; Michael D. Stein, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We previously affirmed the district court's order denying John Paul Smith's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2012) based on Amendment 782. Smith has now filed a motion asking us to recall our mandate, and the Government has filed a response in opposition. Although we have inherent power to recall our mandates, we may only exercise such power in extraordinary circumstances to avoid injustice. *See Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998); *Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir. 1977). In light of the Government's response to Smith's motion to recall the mandate, we grant the motion, vacate the district court's order denying Smith's § 3582(c)(2) motion, and remand for reconsideration.

Smith was originally sentenced under the 2002 Sentencing Guidelines on his heroin distribution conviction to the statutory maximum 240 months after the district court found him responsible for 639.3631 grams of heroin, 583.0393 grams of oxycodone, 85.55 grams of cocaine base, and 115.2 grams of cocaine hydrochloride. In 2015, the district court denied Smith's § 3582(c)(2) motion based on Amendment 782 after concluding it did not reduce his Guidelines range. The record does not contain any information from the probation officer or the Government concerning the motion.

On appeal, Smith argued that the district court was required to utilize the original marijuana equivalency found at sentencing in deciding his § 3582(c)(2) motion, without applying new Drug Equivalency Tables for oxycodone and cocaine base that resulted from Amendments 657 and 750. The Government was permitted to file a responding informal brief but did not do so. We rejected Smith's argument and affirmed. Under the policy

2

statement in effect when his motion was decided, the district court was required to apply the amendments then listed in U.S. Sentencing Guidelines Manual § 1B1.10(d) (2014) when determining his amended Guidelines range under USSG § 1B1.10(b)(1). Those amendments included not only Amendment 782 but also Amendments 657 and 750. We concluded the district court was correct that Smith's Guidelines range had not been lowered, and he was not eligible for a reduction under § 3582(c)(2).

Smith timely filed a petition for rehearing, which we denied. Our mandate issued on December 15, 2015. On December 14, 2016, we received Smith's motion to recall the mandate that he signed on December 5, 2016. In the motion, he argued that the district court and this Court erred in applying Amendment 657 because the original quantity of oxycodone found at sentencing was not based on the actual amount of oxycodone as required by the amendment. He argued that the error could only be corrected by a recall of our mandate, and his motion should be granted to prevent further injustice.

We ordered the Government to file a response to Smith's motion to recall the mandate. In its response, the Government does not explicitly address the issue of actual oxycodone raised in Smith's motion but rather asserts that following the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013), "consideration of Amendment 657 as applied to Appellant would increase his sentence and constitute an *ex post facto* violation." The Government suggests Smith's applicable amended Guidelines range based only on Amendments 782 and 750 and without considering Amendment 657 would be lower. However, the Government argues Smith's motion to recall the mandate is untimely; and this Court should not address the motion because he was originally sentenced at the

3

top of his Guidelines range, and "the resulting five month sentence reduction is not an extraordinary circumstance supporting recall of the mandate."

In fact, Smith raised the same issue under *Peugh* in his timely filed rehearing petition. We find the Government's apparent concession that *Peugh* would apply in Smith's case to reduce his sentence, as well as its failure to address the issue of actual oxycodone raised in Smith's motion, to be a sufficiently extraordinary circumstance to warrant a recall of our mandate. A recall is also necessary to avoid injustice. If Smith or the Government is correct, Smith could be eligible for a sentence reduction of 52 months.

Accordingly, we grant Smith's motion to recall the mandate, vacate the district court's order denying his § 3582(c)(2) motion, and remand for reconsideration of the motion after an opportunity for input from the parties and probation officer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*